United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11302
Summary Calendar
_____

DANIEL YBARRA,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2380
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

This court issued Daniel Chavez Ybarra (TDCJ # 1016250) a

certificate of appealability (COA) to appeal the district court's

dismissal of his 28 U.S.C. § 2254 petition wherein he challenged

a 1994 deferred-adjudication conviction for aggravated kidnaping

and a 2000 state-court judgment revoking his probation and

sentencing him to 24 years of imprisonment. During the pendency

of the petition, Ybarra filed pleadings indicating that his

counsel during the revocation proceedings was not licensed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

practice law during the revocation proceedings.  Finding that the claim was not exhausted in the state courts, the district court dismissed the "mixed" petition without prejudice.

In his motion for a COA in this court, Ybarra argued for the first time that the district court should have sua sponte stayed the proceedings rather than dismiss the petition for failure to exhaust because any subsequent petition would be time-barred pursuant to 28 U.S.C. § 2244(d)(1).  During the pendency of Ybarra's motion, the Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005), which addressed, in part, the situation in which a petitioner filed a timely but mixed petition in federal district court and the court dismissed the petition for failure to exhaust after the limitations period had expired.  Id. at 275. This court issued Ybarra a COA on the issue whether, in light of Rhines, the district court reversibly erred in dismissing Ybarra's petition rather than sua sponte holding it in abeyance.

A district court has discretion to stay, rather than dismiss, a "mixed" habeas petition "only in the limited circumstances" where there is "good cause" for the petitioner's failure to exhaust his claim first in state court, the petitioner's unexhausted claim is potentially meritorious, and the petitioner has not engaged in abusive litigation tactics or intentional delay.  Rhines, 544 U.S. at 277-78.

Ybarra's only assertion on appeal is that his counsel's suspension from practice for non-payment of taxes rendered her

per se ineffective.  This court has declined to apply a per se ineffectiveness rule in situations involving unlicensed attorneys.  See United States v. Maria-Martinez, 143 F.3d 914, 916-917 (5th Cir. 1998).  Because his claim is not potentially meritorious, Ybarra has not shown that the district court reversibly erred by not sua sponte granting a stay in the proceedings.  See Rhines, 544 U.S. at 277.

AFFIRMED.